UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| KAREN S. SONKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-56 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits.  On June 26, 2012, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  The matter is now before the court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 18).  On August 10, 2012, the court entered an order denying a proposed stipulation and order approving EAJA fees and ordered defendant to file a response to the application no later than August 24, 2012.  (8/10/12 Order, docket # 21).  On August 22, 2012, defendant filed a response.  (docket # 21).  For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,787.50.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

**1.    Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the

rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Plaintiff seeks

compensation for 30.3 hours in attorney time.  (docket # 18-1, ID#s 462-67).  This is reasonable for

the work performed.

> 2.      **Hourly Rate**

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28

U.S.C. § 2412(d)(2)(A).  "[T]he statutory rate is a ceiling and not a floor."  *Chipman v. Secretary*

*of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Plaintiff seeks to recover at a rate of

$125, within the statutory cap.   The Supreme Court has determined that the statutory $125 per hour

cap applies "in the mine run of cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  I find that

an award at the maximum hourly rate provides adequate and appropriate compensation for the work

performed.  Multiplying the 30.3 hours expended by counsel and the $125 per hour rate results in

a total of $3,787.50 for attorney's fees.  Plaintiff is entitled to an award of EAJA fees in the amount

of $3,787.50 for the reasonable fees incurred in this matter.

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney.  The EAJA

provides in pertinent part that the court shall award fees "to a prevailing party."  28 U.S.C. §

2412(d)(1)(A).  Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's

favor.  *See Astrue v. Ratliff*, 130 S. Ct. at 2525.

Any agreements entered into between plaintiff and counsel are not part of this closed

case and cannot be injected into it at this juncture.  There is a significant potential for conflict among

plaintiff, her creditors, and her attorney with regard to the EAJA fees.  "The EAJA does not legally

obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay

her attorney is controlled not by the EAJA but by contract and the law governing that contract."

*Astrue v. Ratliff*, 130 S. Ct. at 2530 (Sotomayor, J. concurring). Plaintiff's contractual obligations

to her attorney are not part of this case.

## Recommended Disposition

For the reasons set forth herein, I recommend that the court enter an order granting

plaintiff's motion in part and denying it in part, and that the court enter a judgment in plaintiff's

favor against defendant in the amount of $3,787.50.

Dated:   October 9, 2012                     /s/  Joseph G. Scoville
                                             United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within
fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All
objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file
timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas
v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129
S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General
objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*,
454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).